UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY S. KURISH,

       Plaintiff,   Case No. 11-cv-15637
       HON. BERNARD A. FRIEDMAN
vs.   MAG. JUDGE LAURIE J. MICHELSON

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT**

**I.   Introduction**

Before the Court are the Commissioner of Social Security's ("Commissioner") objections to Magistrate Judge Laurie J. Michelson's November 6, 2012 Report and Recommendation ("R & R") [docket entries 13 and 14], to which plaintiff filed a response [docket entry 15]. Magistrate Judge Michelson recommended that the Court grant plaintiff's motion for summary judgment in part [docket entry 9] and deny defendant's motion for summary judgment [docket entry 12]. The Court has reviewed this matter de novo as required under FED. R. CIV. P. 72(b)(3) and will accept and adopt the magistrate judge's R & R.

Pursuant to its de novo review, the Court finds that the magistrate judge's recitation of the underlying facts in this matter is accurate and the Court will adopt the summary of the factual record as it appears on pages 2 through 12 of the R & R.

**II.     Facts**

Plaintiff seeks judicial review of the Commissioner's decision denying his claim for Social Security Disability benefits. Plaintiff applied for Disability Insurance Benefits on June 2, 2009 claiming disability resulting from the onset of Parkinson's Disease as of February 22, 2007. His benefit application was denied on October 8, 2009 and plaintiff subsequently filed a timely notice for a hearing. On December 1, 2010, a hearing was held before an Administrative Law Judge ("ALJ"), during which plaintiff was represented by counsel. The ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

Thereafter, plaintiff appealed the ALJ's unfavorable determination to the Appeals Council, which denied his request for review. Plaintiff then filed the instant complaint for judicial review of the denial of benefits.

**III.    Standard of Review**

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) *quoting* Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Since the Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion." McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th

Cir. 2006) *quoting* Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

**IV.    Analysis**

On appeal, the Commissioner maintains that: 1) the magistrate judge erred when she determined that substantial evidence did not support the ALJ's assessment of plaintiff's residual functional capacity ("RFC") because the ALJ failed to explain why he omitted plaintiff's cognitive impairments from the assessment and 2) plaintiff never argued on appeal that he did not possess the requisite cognitive abilities to perform his past work.

As a preliminary matter, to the extent the Commissioner argues that plaintiff abandoned any claim that he could no longer perform past work on account of his cognitive impairments such contention is without merit. On page 11 of the brief in support of his motion for summary judgment, plaintiff specifically asserted that, "[i]t should be noted that the hypothetical question [posed to the vocational expert] did not include any mention of upper or lower extremity tremors or any cognitive impairments or limitations as described by Dr. Giancarlo." (Emphasis added). Similarly, plaintiff highlighted the fact that Dr. Giancarlo's neurocognitive evaluation "showed the patient was experiencing cognitive difficulties, especially with memory function, recall and recognition. His verbal fluency, processing speed and attention were deficient." Pltf. Br. 16. Thus, the record demonstrates that plaintiff specifically argued on appeal that his reduced cognitive function hindered his ability to perform past work.

With respect to the merits, the magistrate judge correctly ruled that substantial evidence

did not support the ALJ's assessment of plaintiff's RFC. "[A]n ALJ's decision must articulate with specificity [the] reasons for the findings and conclusions that he or she makes." Bledsoe v. Comm'r of Soc. Sec., No. 09-0564, 2010 U.S. Dist. LEXIS 141089, at *10-11 (S.D. Ohio Aug. 31, 2010). ALJs must articulate their reasons "for crediting or rejecting particular sources of evidence" as "[i]t is absolutely essential for meaningful appellate review." Hurst v. Secretary of Health & Human Servs., 753 F.2d 517, 519 (6th Cir. 1985) *quoting* Zblewski v. Schweiker, 732 F.2d 75, 78 (7th Cir.1984). Otherwise, "'the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" Morris v. Secretary of Health & Human Servs., 845 F.2d 326, 1988 U.S. App. LEXIS 5113, at *6 (6th Cir. 1988) (per curiam) *quoting* Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).

In this case, Dr. Giancarlo performed an examination of plaintiff's neurocognitive function in February 2010. The evaluation indicated that plaintiff experienced "cognitive difficulties 'especially with memory function,' that plaintiff's recall and recognition were impaired, that plaintiff's verbal fluency processing speed and attention were 'deficient for [his] age,' and that stress 'exacerbate[d]' [plaintiff's] memory difficulties." R & R at 21; Tr. 279. None of the Commissioner's experts specifically refuted these conclusions or in anyway undermined the methodology employed during the examination. Furthermore, although the ALJ acknowledged that he had reviewed the findings of the examination, he failed to explain why he apparently omitted all consideration of plaintiff's cognitive impairments when formulating the RFC assessment. In view of the foregoing, the Court cannot discern what, if any, weight the ALJ ascribed to the neurocognitive examination in assessing plaintiff's RFC. As a result, the matter must be remanded to the ALJ to either modify plaintiff's RFC assessment based on the

results of the neurocognitive examination or explain why those results should be excluded therefrom.     Accordingly,

IT IS ORDERED that Magistrate Judge Michelson's Report and Recommendation, dated November 6, 2012, is hereby accepted and adopted and the Commissioner's decision is remanded for further proceedings in accordance therewith.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted in part.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.

Dated: December 12, 2012                    s/ Bernard A. Friedman_____
       Detroit, Michigan                         BERNARD A. FRIEDMAN
                                           SENIOR UNITED STATES DISTRICT JUDGE